ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 12-10566 ODW(FMOx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | |
| REAL PROPERTY LOCATED AT 1632 COLORADO BLVD., LOS ANGELES, CA, (HOLDER TRUST), | |
| Defendant. | |
| JEFFREY A. HOLDER AND LYNNE H. HOLDER, TRUSTEES OF THE HOLDER FAMILY TRUST DATED AUGUST 22, 2006, | |
| Claimants. | |

//

This action was commenced on December 10, 2012.  Notice was given and published in accordance with law.  Claimants and titleholders Jeffrey A. Holder and Lynne H. Holder, trustees of the Holder Family Trust dated August 22, 2006, FBO Jeffrey A. Holder and Lynne H. Holder (insofar as title to the property is held in the name of a trust, the Holder Family Trust dated August 22, 2006 shall hereinafter be referred to as "claimant") filed a claim on April 25, 2013.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government") and the claimant have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against this property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.  As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 1632 Colorado Blvd., Los Angeles, California 90041; (b) "claimant's property" shall mean any real property that claimant owns, maintains, controls or manages, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates

1  the sale or distribution of marijuana.

2      2.   This Court has jurisdiction over the parties to this
3  judgment and the subject matter of this action.

4      3.   On or about December 10, 2012, the government filed a
5  Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
6  against the defendant real property.

7      4.   Claimant filed a claim to the defendant property.  No
8  other claimant has appeared in this action, and the time to file
9  claims has expired.

10      5.   Notice of this action has been given in accordance
11  with law.  No appearances having been made by any person other
12  than the claimant, the Court deems that all other potential
13  claimants admit the allegations of the Complaint to be true.
14  The Complaint states a valid claim for relief pursuant to 21
15  U.S.C. § 881(a)(7).

16      6.   The claimant shall retain possession of and title to
17  the defendant property, and in consideration thereof, claimant
18  agrees to abide by the terms of this Agreement.  The claimant
19  shall lawfully use and occupy the defendant property in
20  accordance with the restrictions imposed by paragraph 7 below.
21  If claimant fails to comply with any of the terms of paragraph
22  7, claimant's interest in the defendant property shall be
23  forfeited to the government pursuant to paragraph 8 below.

24      7.   Claimant shall not use or occupy the defendant
25  property, nor shall it allow the defendant property to be used
26  or occupied, for any illegal purpose.  Claimant shall take all
27  reasonable precautions to prevent any destruction to or
28  diminution in value of the defendant property and any fixtures

thereto.  Claimant shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant's property to (a) any former tenant who used or occupied any of claimant's property for any illegal purpose; or (b) any person claimant has reason to believe may use or occupy the claimant's property for any illegal purpose.  Claimant shall not knowingly allow any of the claimant's property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

    8.  In the event that claimant fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States.  In the event of forfeiture, the Los Angeles County Recorder shall index this Judgment in the grantor index under the name of claimant Jeffrey A. Holder and Lynne H. Holder, trustees of the Holder Family Trust dated August 22, 2006, FBO Jeffrey A. Holder and Lynne H. Holder and in the grantee index in the name of the United States of America.  If the government believes that claimant has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to claimant, describing the provision believed to have been violated. Claimant shall have fifteen (15) days from its receipt of such notice to cure the violation.  If the violation is not cured

---

[1] The government and claimant are currently informed and believe that there is no location of any claimant's property currently listed in any such publications.

within the 15-day period, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of claimant to timely cure the violation.  Claimant shall have fifteen (15) court days from the filing of the Notice to seek relief from forfeiture.  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, claimant agrees that the United States Marshals Service may proceed to sell the defendant property. Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale

1 | in accordance with the law.
2 |     9.   Upon the filing of this Consent Judgment, the United
3 | States Marshals Service, or its representatives, shall be
4 | allowed to enter the defendant property for purposes of
5 | inspection and inventory.  Such entry shall be permitted by
6 | claimant at a reasonable time to be agreed upon by the parties.
7 | Absent such agreement, the government may apply to the Court for
8 | a writ of entry for purposes of protecting the government's
9 | interests in the defendant property, in connection with which
10 | Matthes or Lucas may request a hearing.
11 |     10.  Claimant has released the United States of America,
12 | its agencies, agents, and officers, including, without
13 | limitation, employees and other representatives of the Drug
14 | Enforcement Administration, from any and all claims, defenses,
15 | actions, or liabilities arising out of or related to this action
16 | against the defendant real property, including, without
17 | limitation, any and all claims for attorneys' fees, costs or
18 | interest which may be asserted by it or on its behalf.
19 |     11.  The Court finds that there was reasonable cause for
20 | the initiation of this action, and this Consent Judgment shall
21 | be construed as a certificate of reasonable cause pursuant to 28
22 | U.S.C. § 2465.
23 |     12.  The parties shall bear their own costs and attorneys'
24 | fees in this action.
25 | ///
26 | ///
27 | ///
28 | ///


13. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

Dated: May 29, 2013

_____
THE HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: May 28, 2013          ANDRÉ BIROTTE JR.
                             United States Attorney
                             ROBERT E. DUGDALE
                             Assistant United States Attorney
                             Chief, Criminal Division
                             STEVEN R. WELK
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section


                              /s/ P. Greg Parham
                             P. GREG PARHAM
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             United States of America

DATED: May 28, 2013           /s/ David R. Welch
                             DAVID R. WELCH
                             Attorney for Claimants and Titleholders
                             JEFFREY A. HOLDER AND LYNNE H. HOLDER

DATED: May 28, 2013           /s/ Jeffrey A. Holder
                             JEFFREY A. HOLDER
                             Claimant and Titleholder
                             TRUSTEE OF THE HOLDER FAMILY TRUST
                             DATED AUGUST 22, 2006

DATED: May 28, 2013           /s/ Lynne H. Holder
                             LYNNE H. HOLDER
                             Claimant and Titleholder
                             TRUSTEE OF THE HOLDER FAMILY TRUST
                             DATED AUGUST 22, 2006